IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE EDWARD POWELL, | Civil No. 3:23-cv-712 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN BARRAZA, | |
| Respondent | |

## MEMORANDUM

Petitioner George Edward Powell ("Powell"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") improperly denied him home confinement due to an erroneous sex offender assignment, and denied him placement in a halfway house due to his medical status. (Docs. 1, 2). For the reasons set forth below, the Court will dismiss the habeas petition.

I.   **Background**

Powell is serving a 78-month term of imprisonment for his conviction of distribution of methamphetamine, imposed by the United States District Court for the Southern District of Georgia. (Doc. 10-2, pp. 6-8, Public Information Inmate Data). Powell's current projected release date is September 26, 2023, via earned time credits under the First Step Act. (*Id.*).

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Powell filed a total of twelve administrative remedies. (Doc. 10-2, pp. 9-15). Only one of those administrative remedies pertains to a request for home confinement. (*See id.*).

In his § 2241 petition, Powell alleges that the BOP denied him placement in home confinement due to his erroneous classification as a sex offender and refused to place him in a halfway house because he is disabled and in a wheelchair. (Docs. 1, 2). He seeks immediate release to home confinement or placement in a halfway house. (Doc. 1, p. 7). Respondent contends that the § 2241 petition must be dismissed based on Powell's failure to exhaust his administrative remedies before proceeding to federal court. (Doc. 10). Alternatively, Respondent seeks dismissal on the following grounds: (1) the Court lacks jurisdiction to hear the home confinement claim; (2) the BOP properly applied Powell's sex offender public safety factor and did not abuse its discretion in denying home confinement; and (3) Powell's halfway house claim and Americans with Disabilities Act ("ADA") claim lack merit.[1] (*Id.*). Because the Court finds that Powell failed to fully exhaust his remedies, the Court does not reach Respondent's alternative arguments.

II.   **Discussion**

Despite the absence of a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal*

---

[1] Powell clarifies that he is not raising a claim pursuant to the ADA. (Doc. 11, p. 3).

*Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). In the typical case, the failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal. *Moscato*, 98 F.3d at 761-62. Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Notably, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

    The BOP has established a multi-tier administrative remedy system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. (Doc. 10-2, Declaration of Jennifer Knepper, BOP Supervisory Attorney ("Knepper Decl."), pp. 3-, ¶ 4, citing 28 C.F.R. §§ 542.10-542.19). The system first requires an inmate to present their

3

complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve. (*Id.*, citing 28 C.F.R. § 542.13(a)). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence. (*Id.*, citing 28 C.F.R. § 542.14). The Warden shall provide a response within twenty calendar days. 28 C.F.R. § 542.18. If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days. (Knepper Decl. ¶ 4, citing 28 C.F.R. § 542.15(a)). The Regional Director has thirty calendar days to respond. 28 C.F.R. § 542.18. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. (Knepper Decl. ¶ 4, citing 28 C.F.R. § 542.15(a)). No administrative remedy appeal is considered fully exhausted until decided on the merits by the BOP's Central Office. (*Id.*, citing 28 C.F.R. §§ 542.10-542.19).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional and Central Offices. BOP employees log and update inmates' public information into SENTRY as a matter of course as the information is received. Although all requests for administrative relief, whether accepted or rejected, are entered into the BOP's computerized database, actual copies of rejected administrative remedies are not maintained. SENTRY generates a

report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.

Powell's Administrative Remedy Generalized Retrieval report demonstrates that he failed to exhaust the claims in the instant habeas petition. (Doc. 10-2, pp. 9-15). On February 1, 2023, Powell filed administrative remedy 1149899-F1 at the institution level regarding a request for home confinement. (*Id.* at p. 15). On February 22, 2023, the Warden denied the remedy. (*Id.*). Powell then filed an untimely appeal to the Regional Office on March 22, 2023, designated as administrative remedy 1149899-R1. (*Id.*). On April 12, 2023, the appeal was rejected as untimely and Powell was advised that he may refile the appeal, provided he could justify why his filing was late. (*Id.*). Rather than comply with the directives of the Regional Office, Powell instead filed the instant habeas petition on or about April 21, 2023. (Doc. 1).

Powell does not dispute that he failed to fully avail himself of the administrative remedy process. Rather, he asserts that exhaustion would be futile because "prison officials have either been unwilling to provide any relief, or somehow thwarted him from taking advantage of the grievance process." (Docs. 1, 11). Powell attempts to support this argument by submitting copies of his administrative remedy and rejection notices. (Doc. 11-1, pp. 1-5). These documents simply confirm Powell's failure to properly pursue administrative relief and failure to follow the directives of the Warden and Regional Office. Nothing in these submissions indicate that prison officials obstructed Powell from

5

exhausting his administrative remedies. Notably, Powell does not assert that prison officials used intimidation tactics to deter him from filing a grievance, nor does he assert that any of his grievances went unanswered or were ignored. Powell's bare allegation that prison officials "somehow thwarted" his efforts to exhaust administrative remedies is not enough to show that the grievance procedure was unavailable to him. *See Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018) ("once the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him"). In the Court's view, there is no evidence showing that prison officials thwarted Powell's ability to file a grievance.

With respect to unexhausted habeas claims like the on presented here, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals…'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)). Quite the contrary, rigorously applying these exhaustion requirements, courts have consistently rejected habeas petitions where the inmate-petitioners have failed to fully exhaust their administrative remedies. *See, e.g., Johnson v. Williamson*, 350 F. App'x 786 (3d Cir. 2009); *Pinet v. Holt*, 316 F. App'x 169 (3d Cir. 2009); *Moscato*, 98 F.3d 757.

Rather than fully complete the steps of the administrative remedy process, Powell bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court. Despite being well aware of the BOP's exhaustion requirements, Powell failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004). A single rejection of an initial grievance does not render the administrative review process unavailable or futile. Powell fails to identify BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to "irreparable injury." Consequently, the petition will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Powell to invoke the judicial process despite failing to complete administrative review.

### III.  Conclusion

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June 29, 2023